UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Estate of Ann Boggess, *by its Executor, Thomas Boggess*; Estate of Frank Bolle, *by its Executor, Frank L. Bolle*; Estate of Saul Offit, *by its Executor, Marc Offit*; Estate of Naomi Pressma, *by its Executor, Conrad Pressma*; Estate of Georgia Towers, *by its Executor, Edwin Towers*; and Estate of Anna Zufelt, *by its Executor, Cheryl Howey*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>U.S. Bank, N.A., *as Securities Intermediary*, and Wells Fargo Bank, N.A., *as Securities Intermediary*,<br><br>　　　　　Defendants. | Civil No. 23-45 (DWF/DJF)<br><br><br><br>**ORDER** |

This matter is before the Court on a motion to stay certain claims brought by Plaintiffs. (Doc. No. 170.) Plaintiffs seek to stay claims of the Estates of Frank Bolle, Ann Boggess, and Anna Zufelt against Defendants U.S. Bank, N.A., as Securities Intermediary, and Wells Fargo Bank, N.A., as Securities Intermediary (together, "Defendants") in favor of permitting their claims to proceed in a related Delaware state court action, *Estate of Boggess, et al. v. Viva Capital 3 L.P., et al.*, N23C-05-130 (Del. Super. Ct.). Defendants oppose the motion. (Doc. No. 171.)

The decision of whether to stay litigation falls within the Court's inherent power to control its docket. *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). The

decision to stay is also within the Court's discretion.  *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1007 (D. Minn. 2018).  The burden of establishing the necessity of a stay is on the moving party.  *Id*.  A court may consider factors including the conservation of judicial and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and any hardship or inequity to the opposing party.  *Parada v. Anoka County*, No. 18-cv-795, 2020 WL 6488794, at * 2 (D. Minn. Nov. 4, 2020).

    The Court has carefully considered the parties respective arguments and the relevant factors and concludes that Plaintiffs have not met their burden of demonstrating the need for a stay of the requested claims.  Therefore, based upon the foregoing and record in this case, **IT IS HEREBY ORDERED** that Plaintiffs' motion to stay (Doc. No. [170]) is respectfully **DENIED**.

Dated:  March 18, 2025                    s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge